IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALLEN KIRK WARE, | ) | No. C 12-4082 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTION FOR |
| | ) | LEAVE TO PROCEED IN FORMA |
| vs. | ) | PAUPERIS; DENYING MOTION |
| | ) | FOR EVIDENTIARY HEARING; |
| | ) | ORDER TO SHOW CAUSE |
| WARDEN KEVIN CHAPPELLE, | ) | |
| | ) | |
| Respondent. | ) | (Docket Nos. 2, 3) |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging California statutes relating to parole suitability. Petitioner's motion for leave to proceed in forma pauperis is GRANTED. Petitioner's motion for an evidentiary hearing is DENIED without prejudice. The Court orders Respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose*

Order Granting Motion for Leave to Proceed In Forma Pauperis; Denying Motion for Evidentiary Hearing; Order of to Show Cause
G:\PRO-SE\SJ.LHK\HC.12\Ware082osc.wpd

1  *v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order
2  directing the respondent to show cause why the writ should not be granted, unless it appears
3  from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. §
4  2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or
5  conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908
6  F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B. <u>Petitioner's Claim</u>

Petitioner alleges that he was sentenced under the indeterminate sentencing law prior to July 1, 1977.  On some unspecified date, although he was found suitable for parole, his parole release date was later rescinded.  Petitioner alleges that he is being forced to attend parole suitability hearings even though he has already completed the parole process.  Petitioner claims that California Penal Code § 3041.5 violates his right against ex post facto laws and his right against cruel and unusual punishment.  Liberally construed, these claims are cognizable for federal habeas review.  The Court orders Respondent to show cause why the petition should not be granted as to the above issues.

**CONCLUSION**

1. The Clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

Order Granting Motion for Leave to Proceed In Forma Pauperis; Denying Motion for Evidentiary Hearing; Order of to Show Cause
G:\PRO-SE\SJ.LHK\HC.12\Ware082osc.wpd          2

3.	Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed.  If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and Respondent **shall** file with the court and serve on Petitioner a reply within **fourteen days** of the date any opposition is filed.

4.	It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket numbers 2 and 3.

IT IS SO ORDERED.

DATED: 11/7/12

LUCY H. KOH
United States District Judge

Order Denying Motion for Leave to Proceed In Forma Pauperis; Order of Dismissal With Leave to Amend
G:\PRO-SE\SJ.LHK\HC.12\Ware082osc.wpd            3