IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALLEN KIRK WARE, | ) | No. C 12-4082 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTION TO |
| | ) | DISMISS; DENYING CERTIFICATE |
| vs. | ) | OF APPEALABILITY |
| | ) | |
| | ) | |
| WARDEN KEVIN CHAPPELLE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 challenging California statutes relating to parole suitability.

Respondent has filed a motion to dismiss. Petitioner has filed an opposition. Although given an

opportunity, Respondent has not filed a reply. For the reasons stated below, Respondent's

motion to dismiss is GRANTED.

## BACKGROUND

Petitioner was convicted in 1976 of first degree murder, burglary, and possession of

marijuana for sale. (Resp. Ex. 1.) In 1984, Petitioner was found suitable for parole, but on April

21, 1987, Petitioner's parole date was rescinded. (Resp. Ex. 2.) Since that date, Petitioner has

received eleven more parole suitability hearings. (*Id.*)

In 1998, Petitioner filed a federal petition for writ of habeas corpus in the Eastern District

1  of California.  (Resp. Ex. 3.)  In that petition, Petitioner claimed that the Board of Parole

2  Hearings' ("Board") 1987 decision to rescind his parole date violated the Ex Post Facto Clause,

3  due process, and the Eighth Amendment.  (*Id.*)  *Ware v. California Board of Prison Terms and*

4  *Paroles*, No. 99-17200, 230 F.3d 1368 (9th Cir. 2000) (unpublished memorandum disposition).

5  After the district court denied the petition, the Ninth Circuit affirmed.  (*Id.*)  *Id.*

6       In 2003, Petitioner filed another federal petition for writ of habeas corpus in the Eastern

7  District of California.  (Resp. Ex. 4.)  In that petition, Petitioner again claimed that the Board's

8  1987 decision rescinding his parole date was erroneous because, *inter alia*: (1) the Board should

9  have applied the indeterminate sentencing laws in effect at the time he committed the crime; (2)

10  the failure to grant parole violated the Eighth Amendment; and (3) the denial of parole violated

11  due process.  (*Id.*)  The district court dismissed the petition as second or successive.  (Resp. Ex.

12  4.)  The Ninth Circuit affirmed the decision, concluding that, even though Petitioner argued that

13  he was challenging a 2001 Board hearing rather than the 1987 Board hearing as he did in his

14  1998 federal petition (Resp. Ex. 3), the petition was successive.  *Ware v. Carey*, No. 05-16760,

15  204 Fed. Appx. 657, 658 (9th Cir. 2006) (unpublished memorandum disposition).  The Court

16  recognized that none of the claims in Petitioner's 2003 petition were unique to the 2001 Board

17  hearing or reflected any changes in the law, but instead, were related to Petitioner's continued

18  dissatisfaction with the Board's action of rescinding Petitioner's 1987 suitability for parole.  *Id.*

19       In 2010, Petitioner filed a third federal petition for writ of habeas corpus in the Eastern

20  District of California.  (Resp. Ex. 7.)  In that petition, Petitioner challenged the Board's 2008

21  decision denying him parole, arguing that the decision violated the Ex Post Facto Clause because

22  the Board applied the determinate sentencing law rather than the indeterminate sentencing law.

23  (*Id.*)  In May 10, 2011, the Eastern District denied the petition.  (*Id.*, Resp. Ex. 8.)  The Ninth

24  Circuit subsequently denied the request for a certificate of appealability.  (Resp. Ex. 9.)

25       In 2011, Petitioner filed state habeas petitions in all three levels of state court,

26  challenging the denial of parole suitability in his 2010 Board hearing.  (Resp. Exs. 11-16.)  On

27  August 3, 2012, Petitioner filed the underlying federal habeas petition.

28

**DISCUSSION**

Respondent moves to dismiss Petitioner's petition as successive, untimely, and procedurally defaulted.  Petitioner opposes the motion, arguing merely that he should be allowed to proceed because the violations he alleges are "ongoing."

I.   <u>Second or Successive Petition</u>

Respondent argues that the Court should dismiss the petition as an unauthorized second or successive petition.  A district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence unless the claims presented in the previous petition were denied for failure to exhaust.  *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999).  Additionally, a district court must dismiss any new claims raised in a successive petition unless the Petitioner received an order from the Court of Appeals authorizing the district court to consider the petition.

Here, the instant petition does not obviously challenge a specific Board hearing.  However, it is clear that Petitioner has previously raised these claims in the Eastern District of California, and the Ninth Circuit has affirmed both the denial of the claims, as well as the dismissal of the claims as second or successive.  (Resp. Exs. 3-9.)  Because the underlying petition reflects Petitioner's continued dissatisfaction with the Board's action of rescinding Petitioner's 1987 suitability for parole, and Petitioner has not presented an order from the Ninth Circuit Court of Appeals permitting this Court to consider any claims, this Court must dismiss the instant petition in its entirety as an unauthorized second or successive petition.  *See* 28 U.S.C. § 2244(b)(3)(A).

II.   <u>Timeliness</u>

Alternatively, Respondent moves to dismiss the petition as untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Under the AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct

1  review; (2) an impediment to filing an application created by unconstitutional state action was

2  removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was

3  recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and

4  made retroactive to cases on collateral review; or (4) the factual predicate of the claim could

5  have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  The time

6  during which a properly filed application for state post-conviction or other collateral review is

7  pending is excluded from the one-year time limit.  28 U.S.C. § 2244(d)(2).

8       Section 2244's one-year limitation period applies to all habeas petitions filed by persons

9  in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent

10  administrative decision rather than a state court judgment.  *Shelby v. Bartlett*, 391 F.3d 1061,

11  1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)).  For prisoners challenging administrative

12  decisions such as the revocation of good time credits or the denial of parole, section

13  2244(d)(1)(D) applies.  *See id.* at 1066.  Under section 2244(d)(1)(D), the one-year limitation

14  period starts on the date upon which "the factual predicate of the claim or claims presented could

15  have been discovered through the exercise of due diligence."  The time begins "when the

16  prisoner knows (or through diligence could discover) the important facts, not when the prisoner

17  recognizes their legal significance."  *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000)

18  (internal quotation marks omitted); *see Shelby*, 391 F.3d at 1066 (limitations period began to run

19  the day after petitioner received timely notice of the denial of his administrative appeal

20  challenging disciplinary decision); *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003)

21  (limitations period began to run when the Board denied prisoner's administrative appeal

22  challenging denial of parole).

23       Here, Petitioner asserts that the deprivations of which he complains have been "ongoing

24  for over two decades," and stems from the rescission of his parole release date in 1984.  (Opp. at

25  14.)  Respondent asserts that the statute of limitations started running, therefore, at the latest, on

26  April 26, 1988, when Petitioner received his first post-1987 parole suitability hearing.  (Resp.

27  Mot. at 5 n.1.)  On that date, the factual predicate of Petitioner's claims could have been, and

28  was, discovered.  This Court agrees.  Thus, the statute of limitations period expired on April 24,

1   1997. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner has set forth no

2   argument for statutory or equitable tolling.

3           Accordingly, the Court DISMISSES the petition as untimely.[1]

4                                        **CONCLUSION**

5           Respondent's motion to dismiss the petition as second or successive is GRANTED.  The

6   instant habeas petition is DISMISSED without prejudice to refiling if Petitioner obtains the

7   necessary order.  Alternatively, Respondent's motion to dismiss the petition as untimely is

8   GRANTED, and the petition is DISMISSED with prejudice.

9           Petitioner has not shown "that jurists of reason would find it debatable whether the

10  petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would

11  find it debatable whether the district court was correct in its procedural ruling."  *Slack v.*

12  *McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a certificate of appealability is DENIED.

13          The clerk shall terminate any pending motions and close the file.

14          IT IS SO ORDERED.

15  DATED:  ___6/12/13___                     _____

16                                            LUCY H. KOH
                                              United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28      _____
        [1]  In light of the Court's ruling, it is unnecessary to address Respondent's alternative
    argument that the petition is subject to dismissal based on procedural default.

Order Denying Motion for Leave to Proceed In Forma Pauperis; Order of Dismissal With Leave to Amend
G:\PRO-SE\LHK\HC.12\Ware082mtdsostim.wpd          5